OHL *v.* OHL

Divorce—Children—Custody—Statutory Presumption.
> There is a statutory presumption that the mother will be awarded custody of any children under age 12 in a divorce action, but it is within the discretion of the trial court to ignore this presumption if he finds that to do so would serve the best interests of the children (CL 1948, § 722.541).

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 April 14, 1969, at Lansing. (Docket No. 5,945.) Decided April 21, 1969. Rehearing denied July 7, 1969.

Complaint by Ronald J. Ohl against Ellen P. Ohl for divorce. Judgment of divorce and custody of children awarded to plaintiff. Defendant appeals grant of child custody. Affirmed.

*Smith & Shampo,* for plaintiff.

*Sugar, Schwartz, Silver, Schwartz & Tyler* (*Lawrence Warren,* of counsel), for defendant.

BEFORE: McGregor, P. J., and R. B. Burns and Danhof, JJ.

Per Curiam. Plaintiff and defendant were married in 1959 and lived together until February, 1967, when the defendant wife left their home. Two sons were born, one in 1960 and one in 1963. They have remained with their father.

Reference for Points in Headnote
24 Am Jur 2d, Divorce and Separation § 785.

In March, 1967, plaintiff filed a complaint for divorce and was granted an injunction restraining defendant from interfering with his custody of the children. Defendant filed her answer and a counterclaim seeking custody. A judgment of divorce was granted to the plaintiff husband and custody was awarded to him. Defendant has appealed the custody award.

Defendant has raised only one issue, a question of the sufficiency of the evidence to support the award of custody to the father. She contends that under CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311) there is a presumption that the mother will be awarded custody of any children under age 12. Although it is within the discretion of the trial judge to, in effect, ignore this presumption, defendant argues that there must be clear and convincing evidence that the mother is either of poor moral character or unfit to care for her children, *Usendek v. Usendek* (1968), 8 Mich App 385. She contends that in the present case the evidence did not support such a finding by the judge.

It is often found that where the best interests of the child will be served by custody going to the father, such a determination will be upheld, *Kelso v. Kelso* (1964), 373 Mich 592. In this case the testimony and the opinion of the judge indicate that, although not specifically declared by the court to be "morally unfit," the defendant's conduct created a poor atmosphere for young children. The evidence showed that the boys were well taken care of and happy with their father. The judge found that their best interests would be served by remaining with their father. Defendant did not sustain her burden of showing that this holding was wrong.

Affirmed.